985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mohammad K. YAHYAVI a/k/a Max Yahyavi, Defendant-Appellant.
 No. 92-5328.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 15, 1992
Decided: January 29, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-91-347-JFM)
 Fred Warren Bennett, Federal Public Defender, Michael T. Citaramanis, Assistant Public Defender, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Joseph L. Evans, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Mohammad K. Yahyavi was convicted by a jury of eight counts of bank fraud (18 U.S.C.A. § 1344 (West Supp. 1992), 18 U.S.C. § 2 (1988)). He received a sentence of nineteen months and was ordered to make restitution of $37,641. Yahyavi appeals the order of restitution, alleging that the district court failed to make the necessary findings under United States v. Bruchey, 810 F.2d 456 (4th Cir. 1987). We affirm.
 
 
 2
 In early 1989, Yahyavi opened a restaurant called Max's Seafood in Annapolis, Maryland. During July 1989, he deposited or caused to be deposited four checks in the restaurant's account at Annapolis Banking and Trust Company. The checks were purportedly signed by a business associate of Yahyavi, and were drawn on a joint account of theirs which had been closed a year earlier. In eight withdrawals made before the checks cleared, Yahyavi withdrew or caused to be withdrawn the whole amount of the deposits. When the fraud was discovered, Annapolis Banking and Trust Company recovered its $37,641 loss from Mr. and Mrs. Kenward McKinney, a couple who had invested in Yahyavi's restaurant and other business ventures, and who were apparently co-signers on the Max's Seafood checking account. In sentencing Yahyavi, the district court ordered him to make restitution of $37,641 to the McKinneys.
 
 
 3
 In Bruchey, we held that before imposing an order of restitution pursuant to the Victim and Witness Protection Act of 1982,[1] a sentencing court must make specific fact findings on the factors which the statute requires the court to consider. These are (1) the amount of loss sustained by the victim, (2) the financial resources of the defendant, and (3) the financial needs and earning ability of the defendant and his dependents. Bruchey, 810 F.2d at 458.
 
 
 4
 Yahyavi maintains that the district court failed to consider and to make factual findings concerning his ability to pay, especially in light of the fact that he owes approximately $400,000 as a result of other civil judgments against him. He further alleges that the district court made no factual finding on the needs of his family, and failed to balance his family's needs against the needs of the McKinneys. However, the probation officer discussed all of these factors in considerable detail in the presentence report and recommended restitution of the full amount the McKinneys had lost in connection with this offense. At the sentencing hearing, after argument on the question of restitution, the district court found that restitution was appropriate and adopted the factual findings contained in the presentence report. The court stated that it was not unmindful of Yahyavi's heavy financial obligations, but found that he had the capacity to earn enough to pay this amount of restitution on his release. We find that the district court made the required factual findings.[2]
 
 
 5
 The judgment of the district court is accordingly affirmed. We have dispensed with oral argument on the motion of the parties.
 
 AFFIRMED
 
 
 [1]
 Now codified at 18 U.S.C.A.ss 3663, 3664 (West 1985 & Supp. 1992)
 
 
 [2]
 To the extent that Yahyavi challenges the amount of the restitution, we find no abuse of discretion by the district court